SUCCESSION OF COLLAZO ET AL., PLAINTIFFS AND APPELLANTS,
v. BORRÁS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action for the Division of Community Property and an Accounting.

No. 1738.—Decided June 28, 1918.

COMMON PROPERTY—ACTION FOR DIVISION.—An essential requirement for an action *communi dividundo* is that the property sought to be divided be owned *pro indiviso* and in common by the plaintiff and the defendant, for this is what determines the right of the coöwner to demand the division of the common property and the possession can be deemed joint or in common only when the property is held collectively in the interest and name of all the coöwners or participants and not when, as in this case, the property is held or enjoyed individually under a more or less perfect title and the possessor acts in his own name as exclusive owner without the concurrence of the others.

ID.—ID.—PARTIES.—An action *communi dividundo* should be brought against all the participants or owners in common so that the judgment for the division of the common property may be effective. And since, according to the finding of the trial court, some of these are lacking, the action set up in the complaint cannot prosper.

APPEAL—MOTION TO DISMISS.—As the sustaining of a motion to dismiss an appeal leaves the judgment appealed from in force and effect and as the court affirms the judgment after considering the case on its merits, no practical purpose would be served by considering such motion.

The facts are stated in the opinion.

*Messrs. Muñoz & Brown* for the appellants.

*Messrs. Simón Largé, Antonio Sarmiento* and *Rodríguez Serra* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 3, 1916, the plaintiffs brought an action against the defendants in the District Court of Arecibo for the division of community property, for an accounting and for the recovery of rents and profits, praying for judgment as follows: That the defendants make a physical division of the property described in the complaint and deliver to the plain-

tiffs their corresponding share in the said property; that defendants José Demetrio de Jesús y Borrás and Jesús Enrique de Jesús y Borrás be specifically ordered to render a verified account of the rents and profits obtained from the said property and deliver to the plaintiffs their proportional part thereof; that defendants José Demetrio and Jesús Enrique de Jesús y Borrás and the other defendants who opposed the complaint pay to the plaintiffs such damages as the court may determine, together with the costs and attorney fees.

The plaintiffs allege in the complaint that by deed executed in Arecibo on November 14, 1866, before Francisco de Torres, Demetrio de Jesús sold, subject to a right of redemption, to the predecessors in title of the plaintiffs and of the defendants who are named in the said deed, a rural property called San Pedro, situated in Hato Viejo ward of Arecibo and containing 329 acres and 2,181 square yards of level and undulating land divided into two sections, one of 24 acres and the other of 329 acres and 2,181 square yards, the boundaries of which are described, said property also including the hilly land situated in front of the low land and containing 200 acres, whose boundaries are given; that the sale was made for the sum of $158,931.73 which the vendor, Demetrio de Jesús, admitted having received in different amounts from the purchasers as his creditors, and with the reserved right to repurchase the property, by virtue of which the vendor reserved the right to return to the purchasers the said amount in annual instalments of $12,000, beginning with the year 1870, and under the condition that if one instalment became due and was not paid, all the other instalments should be considered to have matured, it being well understood that in such a case the vendor could not continue in possession of the property; that Demetrio de Jesús did not pay to his said creditors, the purchasers, the purchase price, in whole or in part, or any of the instalments; that Ceferino Collazo, plaintiffs' predecessor in title, figured as one of the pur-

chasers, with an interest of 2,400 *pesos* and Celsa Borrás with an interest of $3,200, the only heir of the latter being her daughter Angela Julia Borrás, who had sold her rights and interests to defendants José Demetrio and Jesús Enrique de Jesús y Borrás; that as grantees of Celsa Borrás defendants José Demetrio and Jesús Enrique de Jesús Borrás entered into possession of the whole of the San Pedro property and have held it under that title since the year 1909, cultivating and working the property and receiving its rents and products without rendering accounts or delivering to the plaintiff and defendant co-owners the shares belonging to them; that the plaintiffs and all the defendants named in the complaint are the sole common owners of the San Pedro property and represent the total community of ownership thereof, the action having been brought against defendants José Demetrio and Jesús Enrique de Jesús y Borrás because they are the ones who are wrongfully in possession of the whole property, all the other defendants being made parties as such because they refused to consent to be joined as parties plaintiff; that the profits received by José Demetrio and Jesús Enrique de Jesús y Borrás from the raising of sugar cane and other crops on the said property since the year 1909 amount to more than $40,000; that the refusal of José Demetrio and Jesús Enrique de Jesús y Borrás to make a physical division of the property and deliver to the plaintiffs their share of the products thereof has caused them damages estimated at not less than $5,000.

In answering the complaint José Demetrio and Jesús Enrique de Jesús y Borrás admit some of the allegations therein contained and deny others. They admit the validity of the deed of sale to the San Pedro property executed on November 14, 1866, with a reserved right to repurchase. They deny having been in possession of the San Pedro property as grantees of the co-owner Celsa Borrás or in any other capacity of representation, notwithstanding the fact that they are the owners in equal shares of the interest conveyed to

them by Angela Julia Borrás, heir of Celsa Borrás, by a deed of sale and grant of rights and interests executed in Arecibo on November 19, 1909. They allege that the San Pedro property is now and for a long time past has been divided into different parcels constituting different properties apportioned among various persons who possess and enjoy them, and that if they, José Demetrio and Jesús Enrique de Jesús y Borrás, are in possession of lands which formed part of the San Pedro property, such lands never constituted the whole of the property, but only a small part of it. And they deny that the plaintiffs and all the defendants are the owners in common of the San Pedro property according to the deed of November 14, 1866.

As a second defense José Demetrio and Jesús Enrique de Jesús y Borrás allege that the only lands which they possess and which they and their brothers Rafael and Miguel and their sister Alejandrina have possessed almost from time immemorial are two rural properties, one of 135 acres of low land, of which 125 acres are sugar-cane land and the remainder pasture and undergrowth, and the other of 150 acres, more or less, used for pasture, small crops and coffee, both properties being situated in the ward of Hato Viejo, municipal district of Arecibo, and bounded as stated, the second property containing a frame dwelling-house with a zinc roof, and some huts, of which properties the five brothers Jesús y Borrás acquired the undivided common ownership by purchase from their father, Demetrio de Jesús, between the years 1880 and 1882, and of which since that time they have been in possession as owners, defendants José Demetrio and Jesús Enrique de Jesús Borrás possessing no other lands, either singly or in common.

As a third defense defendants José Demetrio and Jesús Enrique de Jesús y Borrás allege that they and their brothers already mentioned acquired by ordinary and extraordinary prescription the undivided common ownership of the two properties which they possess, and that they also acquired

by prescription the ownership of the products of the said lands by virtue of their uninterrupted possession and enjoyment of the lands in good faith for more than three years, no other condition being necessary.

Blanca and Sara Ruiz Sagredo e Irizarry, Angelina Ruiz Sagredo y Zeda, Josefina, Eufemia and Rita Ruiz Sagredo y Zeda and Celestina Irizarry, claiming to be heirs and successors in title of defendants José Domingo, Gregorio Domingo and Teresa Ruiz y Sagredo, appeared as defendants and confessed judgment.

After the trial and on April 16, 1917, the court rendered judgment dismissing the complaint in all its parts, with costs against the plaintiffs, and ordered the closing of the administration granted in the action and the rendition of a final account by the administrator, Alberto García. From that judgment the attorney for the plaintiffs appealed to this court.

As a result of the evidence examined at the trial, the lower court made, among others, the following findings of fact:

1. That the San Pedro plantation as described in the complaint no longer exists, it having been divided into tracts of land held by different persons as owners.

2. That neither the plaintiffs, nor their predecessor, nor any of the creditors who are parties to the deed of conveyance of November 14, 1866, own or have owned the San Pedro plantation in whole or in part.

3. That before and after the conveyance made in the year 1866 the San Pedro plantation was always in the possession of Demetrio de Jesús, who held the same as his own during his life, delivering the actual possession of certain parts thereof to his children, the De Jesús defendants, for their use and benefit, who continued to hold the said parcels of land as owners for more than thirty years in their own names and as sole owners and not for or in the name of the plaintiffs and creditors.

4. That comparing the names of the creditors recited in

the deed of November 14, 1866, with the names appearing in the title of the complaint, it is seen that some of those mentioned in the said deed as grantees of the San Pedro plantation are omitted from the latter.

The foregoing findings of fact must be regarded as unassailable in reaching a decision of the questions of law involved in the appeal, for it does not appear that the amended statement of the case and bill of exceptions filed by the plaintiffs for the purposes of the appeal were approved by the judge of the District Court of Arecibo; therefore they have no legal force in the appreciation of the probatory elements considered by the trial court. *López* v. *American Railroad Co. of Porto Rico*, 11 P. R. R. 148, and *Morfí et al.* v. *Fajardo Development Co.*, 19 P. R. R. 1138.

The tendency of plaintiff's pleadings is to obtain in an action *communi dividundo* a judgment ordering primarily that the defendants make a physical division of the San Pedro property as described in the complaint, delivering to them the proportional part to which they are entitled, and secondarily that defendants José Demetrio and Jesús Enrique de Jesús y Borrás render a verified account of the rents and profits of the said property and deliver to the plaintiffs their proportional part thereof, the defendants paying also such damages as the court may determine.

An action *communi dividundo* lies only when the property sought to be divided is held undivided and in common by the plaintiff and the defendant, for this is what determines the right of the common owner to demand that the property held in common be divided, according to Law II, Title XVIII, Book XI, of the *Novísima Recopilación*, now section 407 of the Revised Civil Code, which is the same as article 400 of the Spanish Civil Code; and the possession can be deemed in common or joint only when the property is held collectively in the interest and name of all the part owners and not when it is held or used individually under a more or less perfect title, the possessor acting in his own name as sole owner

without the concurrence of the others. Judgments of the Supreme Court of Spain of June 15, 1888, and July 20, 1904.

Defendants José Demetrio and Jesús Enrique de Jesús y Borrás, according to the findings of the judge of Arecibo, hold the property under title of ownership and not in the name and interest of the others who, according to the plaintiffs' allegations, are also part owners, for which reason the action *communi dividundo* set up in the complaint lacks an essential requirement.

Moreover, the action *communi dividundo* should be brought against all the owners in common for the purpose of preventing the ineffectiveness of the judgment which may be rendered and making possible the division of the property held in common. *Fernández* v. *Gutiérrez*, 10 P. R. R. 59. And inasmuch as all of the creditors of Demetrio de Jesús, whose names appear as grantees in the deed of November 14, 1866, have not been made parties to the action, since the trial court finds that some of them have been omitted, the action set up in the complaint cannot prosper.

The foregoing reasons, which are fundamental, support the judgment appealed from and it is unnecessary to enter upon an examination of the other grounds which the court *a quo* adduces in its opinion.

The attorney for defendants José Demetrio and Jesús Enrique de Jesús y Borrás filed a motion, which was also argued at the hearing on the appeal, that the appeal be dismissed on the ground that it was not properly brought because the notice of appeal was not duly served on the other defendants. The appellants contend that the defendants mentioned in the motion were not necessary parties, since they were made parties to the action because they refused to be joined with the plaintiffs.

If the said motion were sustained it would result in the dismissal of the appeal, leaving the judgment appealed from in force and effect, and as we have reached the same conclusion after a consideration of the case on its merits, it

would serve no practical purpose to consider the motion. *Rubert Bros. et al. v. Succession of Igaravídez et al.,* 23 P. R. R. 272.

The judgment appealed from should be

*Affirmed.*

Justices del Toro and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.

Mr. Justice Aldrey took no part in the decision of this case.